IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

RAJIV BERRY,

        Plaintiff,

    v.

BARBARA M. BARRETT,
SECRETARY OF THE UNITED
STATES DEPARTMENT OF THE
AIR FORCE,

        Defendant.

:

:

:

:

Case No. 3:19-cv-140

JUDGE WALTER H. RICE

---

DECISION AND ENTRY SUSTAINING IN PART AND OVERRULING IN PART
DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT OR IN THE
ALTERNATIVE FOR SUMMARY JUDGMENT (DOC. #19); DEFENDANT'S
MOTION TO DISMISS PLAINTIFF'S COMPLAINT FOR FAILING TO EXHAUST HIS
ADMINISTRATIVE REMEDIES IS OVERRULED; DEFENDANT'S MOTION TO
DISMISS PLAINTIFF'S CLAIM OF RETALIATION IN COUNT III IS OVERRULED;
DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S CLAIM OF HOSTILE WORK
ENVIRONMENT IN COUNT IV IS SUSTAINED; DEFENDANT'S MOTION TO
DISMISS PLAINTIFF'S CLAIMS BASED ON OHIO REVISED CODE §§4112 IN
COUNT I AND 4112.99 IN COUNTS II AND IV AND IN COUNT V FOR NEGLIGENT
AND INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS IS SUSTAINED;
DISMISSAL OF COUNT IV, HOSTILE WORK ENVIRONMENT, IS WITHOUT
PREJUDICE TO PLAINTIFF FILING AN AMENDED COMPLAINT WITHIN 14 DAYS
SUBJECT TO THE STRICTURES OF RULE 11 OF THE FEDERAL RULES OF CIVIL
PROCEDURE

---

This case arises out of Plaintiff's employment as a material research analyst

at Wright-Patterson Air Force Base ("WPAFB"), Dayton, Ohio.  Doc. #1, PageID#2.

Dr. Rajiv Berry ("Berry" or "Plaintiff"), filed suit alleging federal and state law

claims of discrimination and a state common law claim of intentional and negligent infliction of emotional distress.

Defendant has filed a Motion to Dismiss Plaintiff's Complaint, pursuant to Fed. R. Civ. P. 12(b)(6), or in the Alternative for Summary Judgment, pursuant to Fed. R. Civ. P. 56. Doc. #19. Plaintiff has filed a Memorandum in Opposition, Doc. #23, and Defendant has filed a Reply, Doc. #25.

The motion is fully briefed and ripe for decision.

## I. Allegations of the Complaint

Plaintiff, a 57-year old male of Indian descent and national origin, is employed at WPAFB, Materials and Manufacturing Directorate, Functional Materials Division. Doc. #1, PageID#2. As a DR-2 materials research analyst in the Air Force Research Laboratory ("AFRL"), his first level supervisor is Dr. Katie Thorp ("Thorp"), the branch chief in the Materials and Manufacturing Directorate. *Id*. His second level supervisor is Dr. Tim Bunning ("Bunning"), division chief in the Materials and Manufacturing Directorate. *Id*., at PageID#3. Thorp has been Plaintiff's first level supervisor since 2011. *Id*. at PageID#2.

As an employee, Berry receives a "contribution based" performance evaluation ("evaluation"). *Id*., at PageID#3. The time period included in the 2013 evaluation was from October 1, 2012, through September 30, 2013. *Id*. Thorp was the "rater" of Plaintiff's 2013 evaluation and Bunning was the evaluation's "reviewer." *Id*.

2

Before the 2013 evaluation process began, Plaintiff provided an assessment of his contributions and activities. The final score for his performance evaluation was determined after meetings at the division and the directorate level. *Id*. At the division meeting, managers assess every employee's contributions in the pay pool utilizing four factors. *Id*. The Complaint alleges that Thorp discussed Plaintiff's contribution at this meeting. *Id*. The division meeting for the 2013 performance evaluations is alleged to have occurred, if at all, in October or November 2013. *Id*. Following the division meeting, the employees' contribution scores are examined at the Directorate meeting where the scores from all the divisions are compared. *Id*.

In fiscal year 2013, Plaintiff received an overall contribution score of 3.18. *Id*. His expected contribution score was 3.23. *Id*. This "negative performance differential" resulted in a "negative impact on Plaintiff's terms and conditions of employment." *Id*. Plaintiff alleges that "The Administrative Law Judge determined that" Thorp was "heavily influential in the scores Plaintiff received." *Id*.

On December 18, 2013, a meeting was held between Plaintiff and Thorp. At this meeting, Berry expressed his dissatisfaction with his evaluation score. *Id*. Thorp told him that his evaluation was marked down "as a form of punishment" and "she was sending him a message." *Id*. at PageID##3 and 4. She refused to explain to Plaintiff what she meant by those statements. *Id*., at PageID#4.

3

On January 8, 2014, Berry met with Thorp and Bunning to discuss his evaluation. *Id.* Thorp again refused to explain what "message" she was sending to him in his 2013 evaluation. *Id.* Plaintiff alleges that he learned during the discovery phase of the administrative process that Thorp improperly considered events that were not in the 2013 evaluation time period. *Id.* He alleges that the Administrative Law Judge determined that his negative 2013 evaluation was affected by Thorp's consideration of these events. *Id.* The Complaint alleges that "Thorp created the false fiscal 2013 incidents" to conceal the "discriminatory animus she held" against him. *Id.* Berry alleges that all of his work performance records show that he was a successful employee and qualified for his job. *Id.*, PageID#5. He was given high marks on his May 24, 2013, mid-cycle review with no indication of any performance issue or perceived deficiency. *Id.* As a result of the fiscal year 2013 performance evaluation, Plaintiff "has and will continue to suffer lost ability to receive pay increases and more difficulty being promoted." *Id.*, PageID#4.

Following the 2013 performance evaluation, Plaintiff attempted to remove himself from his assigned location and applied for a comparable position in a "sister Branch." *Id.* PageID##5-6. He alleges that he was refused the position, although he was the most qualified individual. *Id.* The Complaint also alleges that unlike younger white employees, Berry was not given performance feedback and that Defendant has a program in place to hire younger people at a more rapid pace to balance out the older workforce. *Id.*, PageID#4. Berry also alleges that,

4

although Thorp marked his score down because he did not "have impact outside of the organization," Dr. Larry Brott's evaluation was not marked down even though he also did not work "outside the organization." *Id.*, PageID#5. Dr. Brott is 47-years old, a white male, who was employed in the same division as Plaintiff in 2013 and also had Thorp as his direct supervisor. The Complaint also alleges that Bunning "was witnessed as stating" that "We don't want any fucking blacks in RX." *Id.*, PageID#4.

Finally, Plaintiff alleges that after he filed his EEO complaint, his supervisors became more hostile towards him. *Id.*, PageID#6. This hostility included the changing of his "office arrangement," where he mentored individuals, to a remote location thereby preventing him from having private conversations with his mentees. *Id.* Berry also alleges that he was "de-selected for important career building positions" which would have permitted him "to exhibit his abilities to outside organizations." *Id.* White employees, however, were "not subjected to this isolation and retaliatory behavior." *Id.* Plaintiff allegedly experienced and continues to experience depression and panic attacks as a result of the hostile working environment, and, as a direct and proximate result of Defendant's conduct, he has been damaged including loss of income and fringe benefits, opportunity, humiliation and emotional distress. *Id.*, Although Defendant knows of the harassing conduct being directed against Berry, she has taken no action to stop it. *Id.*

5

Plaintiff alleges that he has "satisfied all administrative requirements by filing a formal [EEO] complaint and appealing the Administrative Judge's decision," which resulted in a final decision by the EEO Federal Operations on February 6, 2019, and the issuance of a 90 day right to sue in federal court notice. *Id.*, PageID#2. He asserts the following claims: (1) Count I, national origin discrimination and harassment in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, et seq. and Ohio Revised Code § 4112 et seq.; (2) Count II, age discrimination in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621, et seq. and Ohio Revised Code § 4112.99 et seq.[1]; (3) Count III, reprisal for engaging in protected activities[2]; (4) Count IV, hostile and abusive working environment in violation of Title VII, the ADEA and Ohio Revised Code § 4112.99[3]; and (5) Count V, intentional and negligent infliction of emotional distress. *Id.*, PageID##6–8.

Defendant moves for dismissal of Plaintiff's claims pursuant to Fed. R. Civ. P. 12(b)(6) and, to the extent the motion is based on Plaintiff's failure to exhaust his administrative remedies, in the alternative for summary judgment pursuant to Fed. R. Civ. P. 56. Although the Complaint attaches no exhibits, the motion

---

[1] Plaintiff cites to Ohio Revised Code § 4112.99, "Civil actions for violations," as opposed to § 4112.02, "Unlawful discriminatory practices."

[2] Although Plaintiff refers to the claim in Count III as "reprisal," the Court will refer to it throughout this Decision and Entry as "retaliation." Additionally, the Complaint does not indicate if this claim is pursuant to Title VII, Ohio Revised Code § 4112 et seq., or both.

[3] *See* n.1, supra.

6

includes exhibits consisting of filings from Plaintiff's EEO administrative

proceedings.[4]  Doc. #19, PageID#45.  These exhibits, however, do not require the

Court to convert the motion to one for summary judgment pursuant to Fed. R. Civ.

P. 12(d).  *See Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir.

2008) (citing *Amini v. Oberlin Coll.*, 259 F.3d 493, 502 (6th Cir. 2001))(district court

may consider "the Complaint and any exhibits attached thereto, public records,

items appearing in the record of the case and exhibits attached to defendant's

motion to dismiss so long as they are referred to in the Complaint and are central

to the claims contained therein"); *Armengau v. Cline*, 7 F. App'x 336, 344 (6th Cir.

2001) (citing *Jackson v. City of Columbus*, 194 F.3d 737, 745 (6th Cir. 1999))

*abrogated on other grounds*, *Swierkiewicz v. Sorema*, 534 U.S. 506, 122 S.Ct. 992,

152 L.Ed.2d 1 (2002).  Accordingly, the Court will not convert Defendant's motion

pursuant to Rule 12(d) to one of summary judgment, but will, instead, analyze it

pursuant to Fed. R. Civ. P. 12(b)(6)

---

[4] The exhibits attached to Defendant's motion consist of the following: (1) a grievance letter, dated February 7, 2014, Doc. #19-1; (2) a Termination of Processing of Administrative Grievance, dated March 14, 2014, Doc. #19-2; (3); a Complaint of Discrimination in the Federal Government ("EEO complaint"), dated July 10, 2014, Doc. #19-3; (4) an Acceptability of Formal Complaint, dated August 8, 2014, Doc. #19-4; (5) a transcript of a bench decision of Trek K. Carethers, Administrative Judge, dated January 9, 2017 and Order Entering Judgment dated March 31, 2017, Doc. #19-5; (6) Decision from the Equal Employment Opportunity Commission Office of Federal Operations (EEOC-OFO) dated February 15, 2019, Doc. #19-6; (7) Decision on Request for Reconsideration, dated July 29, 2017, Doc. #19-7.

## II. Standard of Review

Rule 8(a) of the Federal Rules of Civil Procedure provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The complaint must provide the defendant with "fair notice of what the. . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

Federal Rule of Civil Procedure 12(b)(6) allows a party to move for dismissal of a complaint on the basis that it "fail[s] to state a claim upon which relief can be granted." The moving party bears the burden of showing that the opposing party has failed to adequately state a claim for relief. *DirecTV, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007) (citing *Carver v. Bunch*, 946 F.2d 451, 454-55 (6th Cir. 1991)). The purpose of a motion to dismiss under Rule 12(b)(6) "is to allow a defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief even if everything alleged in the complaint is true." *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993). In ruling on a 12(b)(6) motion, a court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Handy-Clay v. City of Memphis,* 695 F.3d 531, 538 (6th Cir. 2012) (quoting *Treesh*, 487 F.3d at 476). Nevertheless, to survive a motion to dismiss under Rule 12(b)(6), the complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. Unless the facts alleged show that the plaintiff's claim

8

crosses "the line from conceivable to plausible, [the] complaint must be dismissed." *Id.* Although this standard does not require "detailed factual allegations," it does require more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Id.* at 555. "Rule 8 . . . does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). Although legal conclusions "must be supported by factual allegations" that give rise to an inference that the defendant is, in fact, liable for the misconduct alleged," . . .the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* at 678-79.

In ruling on a Rule 12(b)(6) motion, a court generally only considers the plaintiff's complaint. If, however, "… a plaintiff references or quotes certain documents, … a defendant may attach those documents to its motion to dismiss, and a court can then consider them in resolving the Rule 12(b)(6) motion without converting the motion to dismiss into a Rule 56 motion for summary judgment." *Watermark Senior Living Retirement Communities, Inc. v Morrison Management Specialists, Inc.*, 905 F. 3d 421, 425 (6th Cir. 2018) (quoting *In re Omnicare, Inc. Sec. Litig., (Omnicare III)*, 769 F.3d 455, 466 (6th Cir. 2014). *See, Kline v. Mortgage Electronic Registration Systems, Inc.*, No. 3:08-cv-408, 2010 WL 1372401, *4-5 (S.D. Ohio Western Division, March 29, 2010) (Rice, J.) (citing *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 127 S.Ct. 2499, 168 (2007)).

9

### III. Legal Analysis

#### A. Failure to Exhaust Administrative Remedies

Defendant's motion seeks dismissal pursuant to Rule 12(b)(6), asserting that "Plaintiff failed to exhaust his administrative remedies for all of his federal claims." Doc. #19, PageID#45. The rationale for exhausting administrative remedies "is to trigger an investigation, which gives notice to the alleged wrongdoer of its potential liability and enables the EEOC to initiate conciliation procedures in an attempt to avoid litigation." *Dixon v. Ashcroft*, 392 F.3d 212, 217 (6th Cir. 2004) (citing *Davis v. Sodexho, Cumberland College Cafeteria*, 157 F.3d 460, 463 (6th Cir. 1998).

Defendant contends that Berry failed to exhaust his administrative remedies in two ways: (1) by not presenting his Title VII claims and his ADEA claim to the EEO counselor within 45 days of receiving his discriminatory performance evaluation, and (2) by not including in his EEO complaint claims of retaliation and hostile work environment, which are alleged in his judicial Complaint.

The exhaustion of administrative remedies is an affirmative defense and the defendant has the burden to plead and prove this failure. *Lockhart v Holiday Inn Exp. Southwind*, 531 Fed. Appx. 544 (6th Cir. 2013) (citations omitted). Although courts "are reluctant to dismiss complaints based on affirmative defenses at the pleading stage and before any discovery has been conducted," a Rule 12(b)(6) motion can be premised on affirmative defenses "where 'the plaintiff's own allegations show that a defense exists that legally defeats the claim for relief.'" *Id.*

10

at 547 (citing *Marsh v. Genentech, Inc.*, 693 F.3d 546, 554–55 (6th Cir.2012)

(quoting 5B Charles Alan Wright & Arthur Miller, Federal Practice & Procedure §

1357 at 713 (3d ed.2004)). Here, because Plaintiff has pled that he "has satisfied

all administrative requirements," Doc. #1, PageID#2, Defendant must present

evidence to prove that Plaintiff failed to exhaust his administrative remedies.

The Court will address Defendant's failure to exhaust arguments separately.

### 1. Failure to Initiate Timely Contact with the EEO

Defendant asserts that Plaintiff's federal claims should be dismissed

because he failed to exhaust his administrative remedies by not meeting timely

with an EEO counselor. Doc. #19, PageID#45. The federal claims alleged are Title

VII claims for discrimination based on national origin in Count I, retaliation in

Count III and hostile work environment in Count IV. In Count II of his Complaint,

Berry alleges age discrimination under the ADEA. Defendant asserts that

pursuant to 29 C.F.R. § 1614.105(a)(1), Plaintiff was required, yet failed to contact

an EEO counselor within 45 days of first learning of his negative performance

evaluation for these claims. *Id.* It contends that Berry must meet this "and other

timing requirements in order to sue under Title VII and the ADEA." Doc. #19,

PageID#49. It argues that Berry had until February 3, 2014, 45 days from

December 18, 2013, the date his Complaint alleges that he first learned from

Thorp of his negative 2013 performance evaluation, to initiate contact with an EEO

counselor. *Del. State Coll. v. Ricks*, 449 U.S. 250, 258, 101 S.Ct. 498 (1980) (date

11

when the alleged discriminatory decision was made and communicated to plaintiff is the date the filing limitations periods commence).

Defendant has attached to its motion a grievance letter, dated February 7, 2014, that is signed by Plaintiff. Doc. #19-1, PageID##60-67. Based on the date of this letter, Defendant asserts that Plaintiff did not meet the February 3, 2014, deadline and failed to exhaust his administrative remedies. Defendant argues that the February 7, 2014, grievance letter, as well as the other exhibits attached to its motion can be considered by the Court under Rule 12(b)(6), since the Complaint "makes extensive allegations about the administrative record," and "those records are integral to his claims and to whether Plaintiff has exhausted his administrative remedies." Doc. #19, PageID#46. It further contends that the documents are "self-authenticating pursuant to Fed. R. Evid. 902(1). Since Plaintiff is bringing Title VII claims and an ADEA claim relating to these events, the Court finds that there are sufficient references in the Complaint to the proceedings and that the information is central to the claims contained therein. *See Bassett*, 528 F.3d at 430.[5]

In support of its argument that Plaintiff failed to exhaust his administrative remedies by not meeting with an EEOC counselor within 45 days of December 18, 2013, Defendant cites *Lockhart v Holiday Inn Exp. Southwind*, 531 Fed. Appx. 544 (6th Cir. 2013). In *Lockhart*, the Court held that in Title VII race and gender claims,

---

[5] Additionally, Plaintiff has raised no objection to these exhibits and, in fact, cites to them in his pleadings.

12

administrative exhaustion requirements for federal employees include consultation with an EEO counselor within forty-five days of the allegedly discriminatory incident, 29 C.F.R. § 1614.105(a)(1). With respect to Berry's ADEA claim, Defendant does not cite to any case that requires a plaintiff to comply with the 45-day rule. Instead, Defendant argues that the ADEA claims cannot proceed unless they have been administratively exhausted by giving notice pursuant to 29 U.S.C. § 633a(d), [6] and cites the Court to *McKnight v. Gates*, 282 F. Appx 394, 398–99 (6th Cir. 2008). Doc. #19, PageID#49.

In *McKnight*, a retired civil service employee sued the Secretary of the Department of Defense claiming age discrimination in violation of the ADEA. The district court dismissed the claims under the ADEA and denied the plaintiff's motion for class certification. On appeal, the Sixth Circuit affirmed the district court and determined that, although the plaintiff had exhausted the administrative remedies in pursuing his individual ADEA claim, he had not exhausted "the administrative prerequisites to bringing a class action suit." *Id*. In concluding that he had not, the Court stated "the ADEA does not explicitly require a plaintiff to

---

[6] Although Defendant cites 29 U.S.C. 633a(d), "Notice to Commission; time of notice; Commission notification of prospective defendants; Commission elimination of unlawful practices," she concedes that "Plaintiff invoked the EEOC's administrative process . . .and did not proceed directly to federal court in compliance with the notice and timing requirements of 29 U.S.C. § 633a(d)."(emphasis added) Doc. #19, PageID#49.

exhaust administrative remedies before bringing suit. Rather, a plaintiff has two alternative routes pursuant to 29 U.S.C. § 633a." *Id.*, at 397.

> This Court has held that these two potential routes are not mutually exclusive: filing an administrative claim with the EEOC does not foreclose the option of proceeding directly in federal court. *Langford v. U.S. Army Corps of Eng'rs*, 839 F.2d 1192, 1195 (6th Cir.1988) (holding that 'the ADEA places no limitations on the filing of a civil action when an employee has filed an age discrimination complaint with the EEOC and ... the regulations contemplate the filing of civil actions without exhaustion of administrative remedies').

*Id.*

The Sixth Circuit also stated that if a federal employee does not exhaust his administrative remedies, "he or she must give the EEOC not less than thirty days' notice of an intent to file such an action." *Id.* at 398-399 (citations omitted).

In response to Defendant's argument that Berry failed to meet with an EEO counselor within 45 days of learning of his negative performance evaluation, Plaintiff contends that Defendant waived any challenge to the timeliness of his filing by not raising it at any stage during the "extensive [administrative] proceedings." Doc. #23, PageID#134. As alleged in the Complaint, these proceedings included the filing of an EEO complaint, a hearing before an administrative law judge and appealing the decision of the administrative law judge to the Equal Employment Opportunity Commission ("EEOC"), Office of Federal Operations. Doc. #1, PageID#2. Plaintiff argues that the EEO complaint was "decided on the merits without addressing the timeliness defense" and has been waived. *Momah v. Dominguez*, 239 Fed. Appx. 114, 121 (6th Cir. 2007) (EEOC waived its untimeliness defense by addressing merits claim at the administrative

14

level without raising a timeliness objection). Defendant does not address this waiver argument in its Reply, Doc. #25.

Although there is no dispute that Berry must exhaust his administrative remedies under Title VII by complying with the 45-day rule and, even accepting, for purposes of this motion and argument, Defendant's assertion that *McKnight* requires Plaintiff's ADEA claim to comply with certain notice requirements prior to filing suit in order to administratively exhaust his remedies, Defendant's motion to dismiss must still be overruled. This is so because Defendant's own exhibits show that Plaintiff administrative filings were either timely or that Defendant waived this requirement.

In the exhibit attached to Defendant's motion captioned "Acceptability of Formal Complaint," dated August 8, 2014, Doc. #19-4, Defendant states that "[T]he {Plaintiff's EEO] complaint has been reviewed for acceptability in accordance with 29 C.F.R. 1614.107[,] and has been found to be acceptable for processing." Doc. #19-4, PageID#73. Section 1614.107 states that "(a) Prior to a request for a hearing in a case, the agency shall dismiss an entire complaint. . . (2) That fails to comply with the applicable time limits contained in §§ 1614.105. . ." Section 1614.105 (a)(1) requires an aggrieved party to make "contact with a Counselor within 45 days of the date of the matter alleged to be discriminatory." Additionally, a second exhibit attached to Defendant's motion consisting of the bench decision of Trek K. Carethers, Administrative Judge, dated January 9, 2017, and Order Entering Judgment dated March 31, 2017, state that Plaintiff "filed a timely

15

hearing request on February 12, 2015." Doc. #19-5, PageID#84.  Based on the administrative record provided by Defendant, as well as Plaintiff's statement in his Complaint that he "has satisfied all administrative requirements," Defendant has provided no evidence that Plaintiff failed to exhaust his administrative remedies by not complying with any deadline.

Viewing the Complaint in the light most favorable to Plaintiff, with his allegations accepted as true and all reasonable inferences drawn in favor of him, Defendant's motion to dismiss pursuant to Rule 12(b)(6), based on Plaintiff's failure to exhaust his administrative remedies for failing to initiate timely contact with the EEO is overruled.

### 2.  Failure to Raise Facts in the EEO Complaint Concerning Claims of Hostile Work Environment and Retaliation

Defendant next argues that Plaintiff failed to exhaust his administrative remedies by including in his Court Complaint facts that were not raised in his EEO such, Doc. 19-3, or before the EEOC.  These new facts are allegedly in support of his claims of retaliation and hostile work environment.  Pursuant to Sixth Circuit authority, a judicial Complaint must be "limited to the scope of the EEOC investigation reasonably expected to grow out of the charge of discrimination." *Weigel v. Baptist Hospital of East Tennessee*, 302 F.3d 367, 380 (6th Cir. 2002) (internal citation omitted). Known as the "expected scope of investigation test" ("ESOI Test"), *Watson v. Ohio Dept of Rehab & Corr.*, 690 Fed. Appx. 885, 889 (6th Cir. 2017), Defendant argues that the new factual allegations in

the Complaint, that Berry's office was moved and that he was not selected for a position at another branch or other unspecified "career building positions," do not meet the ESOI Test. Doc. #1, PageID ##5-6. This is so because Plaintiff's EEO complaint only asserts that he was "discriminated against on the basis of his National Origin (Indian), and his Age (1958), when on 10 January 2014, he received his appraisal, which he feels does not reflect his true performance[.]" Doc. #19-3, PageID#72. In support of its argument for dismissal of these claims because of Plaintiff's failure to exhaust, Defendant cites to the following exhibits that are attached to its motion: (1) Plaintiff's formal EEO complaint dated July 10, 2014, Doc. #19-3; (2) the EEO Notice of Investigation dated August 8, 2014, Doc. #19-4; (3) the "Bench Decision,"(transcript) dated January 9, 2017, Doc. #19-5; and (4) the EEOC Office of Federal Operations Decision, dated February 15, 2019, Doc. #19-6.

In response to Defendant's argument, Plaintiff asserts that under the "ESOI Test," a retaliation claim is foreseeable making it "reasonably expected to grow out of discrimination." *Weigel*, 301 F.3d at 380 (quotation omitted). Plaintiff further argues that, because the Complaint alleges that the hostile work environment claim, Count IV, arose after the filing of the EEO complaint, Doc. #1, PageID#6, it, like the claim of retaliation, "would be 'reasonably expected' to 'prompt the EEOC to investigate [those] different, uncharged claim[s].'" *Watson v Ohio Dep't. of Rehab. & Corr.*, 690 Fed. Appx. 885, 889 (6th Cir. 2017) (quoting *Weigel*, 302 F.3d at 380).

17

A review of Berry's EEO complaint shows that it has no box checked indicating retaliation. [7] Additionally, it contains no language in the narrative portion that would indicate either a potential retaliation claim or a claim based on a hostile work environment. [8] Like the EEO complaint, the EEOC Office of Federal Operations Decision, Doc. #19-6, does not reference any retaliation or hostile work environment, or any facts from which such claims would be inferred. Simply stated, there is no language that would have put the EEOC or Defendant on notice of these claims. *Younis v. Pinnacle Airlines, Inc.*, 610 F.3d 359 (6th Cir. 2010) (summary judgment affirmed based on plaintiff's failure to exhaust administrative remedies for both retaliation and hostile work environment claims, since plaintiff failed to indicate in EEOC complaint any claim for retaliation and only discrete acts in support of hostile work environment).

---

[7] Because a hostile work environment is a series of separate discriminatory acts that constitute one or more unlawful practices, there is no separate check-off box on the EEO complaint form.

[8] Plaintiff's narrative portion of his EEO complaint, Doc. #19-3, PageID# 69, states "See Attached." At p. 5, of the complaint, *Id.*, PageID#72, the following typed statement appears:
"Definition of the Claim(s)
Was the complainant discriminated against on the basis of his National Origin (Indian), and his Age (1958), when on 10 January 2014, he received his appraisal, which he feels does not reflect his true performance?
Remedy:
- Would like his CCS ratings raised to reflect his contributions
– To be considered and placed on special teams and committees for which he is eligible."
Additionally, Plaintiff has initialed a change in his age from "1959" to "1958."

18

With respect to retaliation, however, courts have held that "it is unnecessary for a plaintiff to exhaust administrative remedies prior to urging a retaliation claim growing out of an earlier charge[ ] [because] the district court has ancillary jurisdiction to hear such a claim when it grows out of an administrative charge that is properly before the court." *Ang v. Procter & Gamble Co.*, 932 F.2d 540, 546–47 (6th Cir.1991) (abrogated on unrelated grounds) (quotation omitted). Although Plaintiff's EEO complaint contains no information concerning retaliation or hostile work environment, the Complaint alleges that when Berry complained about age and national origin discrimination, Defendant failed to investigate properly "and thus nothing was done by management . . .to remove this hostile and dangerous work environment. Instead management[,] in fact[,] declined to do anything to protect the Plaintiff, and turned on Plaintiff for his complaints." Doc. #1, PageID#7.

The Court has ancillary jurisdiction of any alleged retaliation claim since, as alleged in the Complaint, the discriminatory conduct occurred after the filing of Berry's EEO complaint. Similarly, Plaintiff has alleged in the judicial Complaint that the hostile work environment conduct occurred after he filed his EEO complaint. Construing the Complaint in the light most favorable to Berry, accepting all his allegations as true and drawing all reasonable inferences in his favor, Defendant's motion to dismiss Plaintiff's claim of retaliation in Count III and hostile work environment in Count IV for failure to exhaust is overruled.

**B. Failure to State a Claim of Retaliation and Hostile Work Environment**

Defendant argues that Plaintiff's claims of retaliation in Count III and hostile work environment in Count IV, due to national origin under Title VII and age discrimination under the ADEA, should be dismissed because they fail to state a claim upon which relief can be granted. The Complaint alleges that Plaintiff (1) received a negative performance evaluation; (2) filed an EEO complaint; (3) had a change in his "office arrangement" where he mentored individuals resulting in less private conversations with his mentees; and (4) was "de-selected for important career building positions" which would have permitted him "to exhibit his abilities to outside organizations and that white employees were "not subjected to this isolation and retaliatory behavior." The Complaint alleges that, when he complained about age and national origin discrimination, Defendant failed to investigate properly, do anything to "protect him" and turned on him for his complaints.

The anti-retaliation provision of Title VII is similar to the ADEA's anti-retaliation provision, *Wathen v. General Elec.*, 115 F.3d 400, 404 n. 6 (6th Cir.1997) (observing that the supervisor liability sections of the ADEA and Title VII may be interpreted interchangeably), and protects employees from retaliation for claims of discrimination. To establish a *prima facie* case of retaliation, Berry must show that: (1) he engaged in an activity protected by Title VII; (2) the defendant knew he engaged in this protected activity; (3) thereafter, the defendant took an employment action adverse to him; and (4) there was a causal connection

20

between the protected activity and the adverse employment action. *Taylor v. Geithner,* 703 F.3d 328, 336 (6th Cir. 2013); *Fox v. Eagle Distributing Co.*, 510 F.3d 587 (6th Cir. 2007).

At this stage, the Court does not consider the merits of Plaintiff's claims and addresses only the adequacy of the allegations in the Complaint. *Carrethers v. Speer*, 698 Fed. Appx. 266 (6th Cir. 2017) (although allegations are "spare," motion to dismiss reversed since plaintiff established a plausible claim that she will be able to establish a *prima facie* case of retaliatory discharge for engaging in activity protected under Title VII or making disclosures under the Whistleblowers Protection Enhancement Act).  Accordingly, Defendant's motion to dismiss Plaintiff's retaliation claim alleged in Count III, is overruled.

Turning to Berry's hostile work environment claim alleged in Count IV, as a plaintiff he must allege that he "(1) belongs to a protected class; (2)  was subject to unwelcome harassment; (3) the harassment was based on race [or national origin]; (4) the harassment affected a term, condition, or privilege of employment; and (5) the defendant knew or should have known about the harassment and failed to take action."  *Khalaf v. Ford Motor Company*, 973 F.3d 469, 482.  (6th Cir. 2020) (citing *Phillips v. UAW Int'l*, 854 F.3d 323, 327 (6th Cir. 2017).  A "relatively high bar" is required for the discriminatory behavior that constitutes a hostile work environment and "occasional offensive utterances do not rise to the level required to create" this claim. *Id.* at 482.  Suggested factors used to evaluate whether a hostile work environment claim has been alleged include "the

21

frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 23 (1993). A violation of Title VII occurs "When the workplace is permeated with 'discriminatory intimidation, ridicule, and insult,' *Meritor Savings Bank, FSB v. Vinson*, 477 U.S. 57, 65 106 S.Ct. 2399 (1986), that is 'sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment.'" *Id.*, at 67 (internal brackets and quotation marks omitted). For a hostile work environment claim under the ADEA, a plaintiff must demonstrate that "(1) he is older than 40 years; (2) he 'was subjected to harassment, either through words or actions, based on age'; (3) '[t]he harassment had the effect of unreasonably interfering with the employee's work performance and creating an objectively intimidating, hostile, or offensive work environment'; and (4) there is some basis for holding the employer liable." *Snyder v. Pierre's French Ice Cream Co.*, 589 Fed. Appx. 767 (6th Cir. 2014) (citing *Crawford v. Medina Gen. Hosp.*, 96 F.3d 830, 834–35 (6th Cir.1996).

Plaintiff has alleged two instances that constitute hostile work environment: his office arrangement where he mentored was changed making his conversations no longer private and he was "de-selected for important and career building positions." He alleges that "[O]ther white employees were not subjected to this isolation and retaliatory behavior." Doc. #1, PageID#6. The Complaint does not allege facts addressing the frequency of the times that Plaintiff was "de-

22

selected" for "career building positions," does not allege facts showing that the

conduct was severe, physically threatening, or humiliating, *Harris*, 510 U.S. at 23,

or that the workplace was "permeated with 'discriminatory intimidation, ridicule,

and insult." *Meritor Savings Bank, FSB*, 477 U.S. at 65. Moreover, Plaintiff does

not allege that this conduct was connected to or motivated by national origin or

age animus.

For these reasons, the Court finds that, after construing the allegations of

the Complaint in favor of Plaintiff, accepting all his allegations as true and

drawing all reasonable inferences in his favor, Defendant's motion to dismiss

Plaintiff's claim for a hostile work environment under Title VII and the ADEA, due

to Plaintiff's national origin and age, is sustained.

### C. State Law Claims Under Ohio Revised Code §§ 4112 et seq and 4112.99 and Infliction of Emotional Distress

Plaintiff asserts claims for national origin discrimination under Ohio

Revised Code § 4112 et seq., Count I, for age discrimination and hostile work

environment under Ohio Revised Code § 4112.99, Counts II and IV and for

negligent and intentional infliction of emotional distress, Count V. Defendant

moves to dismiss all of Plaintiff's state law claims asserting that, as a federal

employee, Plaintiff's remedy is limited to Title VII and the ADEA. *Briggs v. Potter*,

463 F.3d 507, 517 (6th Cir. 2006) ("Federal employees must rely upon Title VII and

other federal antidiscrimination statutes like the ADEA that apply to the federal

23

government as the exclusive remedy for combating illegal job discrimination."). Concerning Plaintiff's claim in Count V for intentional and negligent infliction of emotional distress, Defendant again asserts that Plaintiff's claims are limited to federal law under *Briggs*, and, alternatively, contends that Plaintiff must assert a claim under the Federal Tort Claims Act, the exclusive remedy to sue the United States, and is required to exhaust administrative remedies. *McNeil v. United States*, 508 U.S. 106, 113 (1993) ("FTCA bars claimants from bringing suit in federal court until they have exhausted administrative remedies."). Plaintiff does not allege in his Complaint that he has complied with the FTCA, and has filed no response to this argument.

Construing the allegations of the Complaint in favor of Plaintiff, accepting all his allegations as true and drawing all reasonable inferences in his favor, Defendant's motion to dismiss Plaintiff's state law claims based on Ohio Revised Code §§ 4112 and 4112.99, Counts II and IV, and negligent and intentional infliction of emotional distress, Count V, is sustained.

## IV.    Conclusion

For the reasons stated above, Defendant's Motion to Dismiss or in the Alternative Motion for Summary Judgment, Doc. #19, is OVERRULED in part and SUSTAINED in part.

Defendant's Motion to Dismiss Plaintiff's Complaint for failing to exhaust his administrative remedies for Claims under Title VII and the ADEA in Counts I, II,

24

III and IV, pursuant to Fed. R. Civ. P. 12(b)(6), is OVERRULED. Defendant's Motion to Dismiss Plaintiff's Claim of Retaliation in Count III, pursuant to Fed. R. Civ. P. 12(b)(6), is OVERRULED. Defendant's Motion to Dismiss, Plaintiff's Claim of Hostile Work Environment in Count IV, pursuant to Fed. R. Civ. P. 12(b)(6), is SUSTAINED. Defendant's Motion to Dismiss Plaintiff's Claims based on Ohio Revised Code §§4112 in Count I and 4112.99 in Counts II and IV and for Negligent and Intentional Infliction of Emotional Distress in Count V, pursuant to Fed. R. Civ. P. 12(b)(6), is SUSTAINED.

As a result of this Decision and Entry, Plaintiff's claims in Count I for national origin discrimination, Count II for age discrimination and Count III for retaliation, remain pending.

The Court's dismissal of Count IV, hostile work environment, is without prejudice to Plaintiff filing an amended complaint within 14 days subject to the strictures of Fed. R. Civ. P.11.

Date: April 15, 2021

_Walter H. Rice_

_____

WALTER H. RICE
UNITED STATES DISTRICT JUDGE